## GEORGE A. SCHRUMP v. FRANK JENNRICH.[1]

April 5, 1928.

No. 26,236.

**Device to cover usury proved.**
　　The evidence sustains the finding of the trial court that a conveyance of land by the plaintiff to the defendant and a contract whereby the plaintiff agreed to repurchase at a sum in excess of the purchase price was a cloak or device to cover usury.

Usury, 39 Cyc. p. 1055 n. 78.

Defendant appealed from an order of the district court for Ramsey county, Bechhoefer, J. denying his motion for a new trial. Affirmed.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Richard A. Walsh,* for appellant.

*Walter T. Ryan* and *John A. Burns,* for respondent.

DIBELL, J.

Action to have it adjudged that a deed of a lot in St. Paul made by the plaintiff to the defendant and an executory contract of sale of the lot made by the defendant to the plaintiff constituted a mortgage which was usurious. There were findings for the plaintiff, and the defendant appeals from an order denying his motion for a new trial.

On September 13, 1924, Charles W. Staehle and Elizabeth Staehle, the owners, gave a contract to George A. Schrump, the plaintiff, for the sale of a lot in St. Paul, and Schrump took possession, as the contract provided he might. On November 6, 1924, the Staehles and Schrump joined in a mortgage to the Central Trust Company, a Minnesota corporation, for $1,200. Schrump improved the property and on January 25, 1926, he had incurred expenses for labor and material in the sum of $3,588.65. There was then due the Staehles on the purchase price $1,691.37. There was due on the

[1]Reported in 219 N. W. 86.

Central Trust Company mortgage $1,213.83. Including items for taxes and the expenses of procuring a contemplated loan of $3,000 from the Central Trust Company, the plaintiff required substantially $6,800 or, to be exact, $6,795.02. He unsuccessfully negotiated for a loan secured by a second mortgage.

Finally the defendant, Jennrich, became interested through someone connected with the trust company. It was arranged that title should be vested in Jennrich, $3,000 should be obtained on a first mortgage to the Central Trust Company, the defendant would advance $3,800 and would then execute a contract to sell the property to the plaintiff. Accordingly in January, 1926, the Staehles and Schrump made a deed to Jennrich. A mortgage of $3,000 was at the same time made to the Central Trust Company. Jennrich then made a contract to convey the property to the plaintiff for $8,066, with interest at the rate of six per cent per annum. This was $1,266 in excess of the $6,800. Interest was to be paid on the fifth days of March, April and May, 1926, and thereafter monthly payments of $100 were to be made on the fifth of each month to be applied first on the payment of interest and then on principal, and to continue until payment in full. The transaction was not merely a conveyance with an option to repurchase. The plaintiff covenanted to repurchase and agreed to pay the sum specified in the contract. The contract was on its face subject to forfeiture as provided by G. S. 1923, § 9576. The plaintiff assigned policies of life insurance to the defendant as additional security. In short, the plaintiff received $6,800, which was applied to the clearing of his property, while the executory contract of January 25, 1926, required him to pay $8,066, $1,266 in excess of what he received. Of the $6,800 the sum of $3,000 was represented by the $3,000 mortgage. The court found that this sum of $1,266 was a bonus and that the carrying out of the contract would give the defendant interest at 17 per cent per annum. This computation is not questioned. And the court found further that "the defendant intentionally put the transaction in the form of a purchase of land and a conditional sale thereof as a cloak or device to evade the law against the taking of a usurious rate of interest."

Schrump was trying to get a loan upon property. He was not having success. If the transaction was really a sale to Jennrich with an agreement to repurchase, a genuine understanding to that effect, it was valid, although Jennrich would profit beyond the legal rate of interest if the contract were completed. If on the other hand the conveyance and agreement of sale and repurchase were but a device whereby Jennrich was to get more than eight per cent per annum, there was usury. The circumstances justified the court in finding that it was really a loan transaction. A deed and a contract to reconvey may on their face constitute a mortgage, or they may be shown to be such by parol. 4 Dunnell, Minn. Dig. (2 ed.) § 6156, and cases cited. The form of the transaction was suggestive. There was evidence, not over-persuasive, that Jennrich spoke of having a mortgage upon the land. This aside, the evidence justified the court in concluding that the transaction was one whereby the defendant really loaned money on the security of the land at greater than lawful interest. He was financing the transaction. Apparently he knew something of the plaintiff's efforts to get a loan from the trust company and knew it would not loan more than $3,000. He knew that what plaintiff wanted was a loan and that he was not trying to sell. Form is not controlling, and a conveyance may be a cover for usury. 6 Dunnell, Minn. Dig. (2 ed.) §§ 9965, 9981, and cases cited.

Order affirmed.